**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Lisa Adams, Ryan Adams, Sr., Mary Beth Adams, and Michael Adams, Defendants,

Of whom Lisa Adams is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-001773

───────────

Appeal From Orangeburg County
Rosalyn Frierson-Smith, Family Court Judge

───────────

Unpublished Opinion No. 2024-UP-013
Submitted December 29, 2023 – Filed January 8, 2024

───────────

**AFFIRMED**

───────────

Nancy Carol Fennell, of Irmo, for Appellant.

Patrick A. McWilliams, of South Carolina Department of Social Services, of Orangeburg; and Scarlet Bell Moore, of Greenville, for Respondent.

Jerrod Austin Anderson, of Anderson Law Office, P.A., of Orangeburg, for the Guardian ad Litem.

---

**PER CURIAM:**  Lisa Adams (Mother) appeals the family court's judicial review order finding she had not remedied the conditions that caused the removal of her minor child (Child) from her care, granting Child's paternal grandparents (Grandparents) permanent custody of Child, allowing the Department of Social Services (DSS) to forego offering further reunification services, and closing the case.  We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Despite this court's standard of review, we are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate the credibility of the witnesses and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).  The appellant has the burden of showing this court the greater weight of the evidence is against the family court's findings.  *Id*. at 392, 709 S.E.2d at 655.

We hold the preponderance of the evidence supports the family court's findings.  *See id.* at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); S.C. Code Ann. § 63-7-20(22) (Supp. 2023) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition.").

In April of 2018, Child was removed from Mother's care and placed with a relative after he was diagnosed with failure to thrive and DSS received information that he had been hospitalized four times in the previous year due to weight loss.  In October of 2019, the family court placed Child with Grandparents, where he has resided since that time.  At the January 2020 non-emergency removal hearing, Mother agreed to a finding pursuant to *North Carolina v. Alford*[1] that she abused Child, and the family court ordered her name to be placed on the Central Registry of Child Abuse and Neglect.  The court also ordered Mother to submit to a psychological evaluation and a parental fitness assessment and to follow any resulting recommendations.  Thereafter, Mother submitted to a bio-psychosocial

---

[1] 400 U.S. 25 (1970).

comprehensive diagnostic assessment, and the ensuing report recommended counseling and parental education classes.

Mother subsequently underwent a psychological evaluation. The evaluator determined Mother met the diagnostic criteria for "factitious disorder on another with recurrent episodes." This diagnosis was informed by Child's medical records, which showed multiple diagnoses of medical child abuse and detailed numerous instances of Mother failing to provide Child with sufficient nutrition and engaging in deceptive behaviors during Child's hospitalizations. Mother then submitted to a parental fitness evaluation; however, the DSS case worker and the guardian ad litem (GAL) reported the evaluator noted Mother refused to admit to any wrongdoing and determined she was not a "good candidate" for treatment services due to her defensiveness. Mother also completed five counseling sessions with a DSS-approved counselor.

Mother gave differing accounts of Child's eating habits. She testified she had fed Child three times per day and was unaware of anything she did to cause his removal; however, she also explained that Child, who was autistic, sometimes refused to eat and she implemented suggested techniques to encourage him to do so. The psychological evaluation reported that Mother initially claimed Child "was eating," but she later stated, "He is a finicky eater and he has autism. He just won't eat. What am I supposed to do?" The evaluation recounted that each time Child was hospitalized, he gained weight despite Mother's insistence he was "disinterested" in eating. Additionally, the psychological evaluation noted Mother questioned "multiple times" why she was required to undergo the evaluation and insisted "on several occasions there was 'nothing wrong' with her." Due to the severity of the conditions that led to Child's removal, Mother's failure to identify actions she could have taken to prevent the removal, and her inability to point to changes she could make in the future to reduce Child's risk of harm, we hold the family court did not err in finding Mother had not remedied the conditions that led to Child's removal.

Moreover, the DSS case worker testified Child was doing well in Grandparents' care, and the GAL confirmed Child had maintained a healthy weight since he was removed from Mother's custody. The GAL noted that although Child required assistance with most of his activities and personal care needs, he was "progressing well," and she recommended Grandparents retain custody of Child. Accordingly, we find allowing Child to remain with Grandparents was in his best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount

consideration.").  Thus, we hold the family court properly granted Grandparents permanent custody of Child, relieved DSS of offering further services, and closed the case.[2]

**AFFIRMED.**[3]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] Mother also argued the case closure was inconsistent with South Carolina policy; however, we hold this argument is not preserved for appellate review because Mother did not raise it to the family court.  *See Payne v. Payne*, 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) ("Issues not raised and ruled upon in the [family] court will not be considered on appeal.").
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.